FRANK B. KENDRICK, administrator, *vs.* LUCINDA J. RAY.

Suffolk. November 14, 1898. — May 18, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Policy of Insurance — Declaration of Trust — Evidence — Public Policy — Attempted Testamentary Disposition of Property.*

A policy of life insurance payable " to and for the sole and separate use and benefit of A., trustee," clearly manifests an intention of the insured to create a trust, and after his death his declarations, oral and written, are admissible to show the terms of the trust and the beneficiary thereof.

Although an application for a policy of life insurance contains directions to pay to " A., trustee for self," it is competent to find that a letter to the general agent of the insurance company, dated the same day as the application, containing later directions as to the payment of the policy, and referring to it as something *in futuro*, was sent and received before the policy was issued, and that its directions controlled and modified those of the application.

A policy of life insurance payable "to and for the sole and separate use and benefit of A., trustee," and a sealed letter addressed to A. found among the papers of the insured after his death requesting A. to pay over "any money collected by you as trustee on any policies of insurance on my life to B.," are not of themselves sufficient to establish the trust; but conversations between the insured and B., some of them shortly before the death of the insured, in which, although the word "trustee" was not mentioned, the insured said that he had had his life insured for B., and that A., to whom B. was to look, had the matter in charge, constitute a notice by the insured to B. of the existence of a trust in his favor, notwithstanding the fact that the policy was never delivered to him, and that the letter to A. remained in the possession of the insured until his death, and its contents were unknown to A. or B.

If, in an action against an insurance company upon a policy issued upon the life of the plaintiff's testator, the company admits its liability, the plaintiff cannot set up against a claimant of the proceeds of the policy, in whose favor a trust has been perfected by the insured, any defence arising out of the by-laws of the company.

A trust in the proceeds of a policy of insurance which has been established by the insured is not invalid on grounds of public policy, although at the time when the policy was issued the beneficiary was the wife of a man other than the insured.

A trust which has been established in favor of B. in the proceeds of a policy of insurance on the life of C., payable "to and for the sole and separate use and benefit of A., trustee," is not inoperative as an attempted testamentary disposition of property by C.

CONTRACT, by the administrator with the will annexed of the estate of James R. Kendrick, against the Fidelity Mutual Life Association of Philadelphia, to recover the proceeds of a policy of insurance issued upon the life of the plaintiff's testator. The defendant admitted its liability, and paid the money into court, and the action was defended by Lucinda J. Ray, who was summoned to appear as a claimant of the fund.

Trial in the Superior Court, without a jury, before *Mason*, C. J., who allowed a bill of exceptions in substance as follows.

The application for insurance, dated November 18, 1886, contained a direction that "the name and relationship of the party or parties for whose benefit the insurance is to be effected, E. A. Taft, trustee for self," and the policy, dated November 19, 1886, contained a direction that its proceeds should be payable "to and for the sole and separate use and benefit of E. A. Taft, trustee," and was issued to and accepted by the insured subject to the by-laws of the insurance company. Article 1 of the by-laws provided that "the object of this Association shall be to insure its members and to secure pecu-

niary benefits to the widows, orphans, families, or heirs of deceased members, by assessment upon surviving members." Article 17 provided that " any assignment of a membership and policy of insurance shall be void unless it inure to the beneficiary, as specified in Article 1, and is assented to in writing by the president or treasurer of the association."

A letter written by the plaintiff's testator to the general agent of the insurance company, also dated November 18, 1886, was, subject to the exception of the plaintiff, admitted in evidence, and contained a request to " make the policy of insurance which you are to make for me payable to Edward A. Taft, trustee."

After the death of the plaintiff's testator, on December 11, 1896, a letter bearing the same date was found in his desk, written by him and enclosed in a sealed envelope addressed, " Mr. E. A. Taft, Boston, Mass. Personal." This letter, which, subject to the exception of the plaintiff, was admitted in evidence, contained a request to " pay over in case of my death any money collected by you as trustee on any policies of insurance on my life to Mrs. Thomas J. Smith, Hotel Pelham." During the lifetime of the testator, Taft had no knowledge of the existence of such letter, or that the policy had been issued to him as trustee.

The claimant testified that she became acquainted with the plaintiff's testator fourteen years before his death ; at which time she was married and living with her husband, Thomas J. Smith, from whom she obtained a divorce in 1895 and resumed her maiden name ; that she was not related to J. R. Kendrick or acquainted with his wife or any of his or her relatives, except that she had once met a niece of his wife, and that she had never been to his house ; that Kendrick was married when she became acquainted with him, and that his wife died on May 13, 1893. She further testified, subject to the exception of the plaintiff, that in 1886 J. R. Kendrick asked her to inquire of her counsel " how the matter could be arranged so that he could have his life insured for her," and afterward said that she need do nothing about it as he had arranged the matter himself; that Mr. Taft had the matter in charge and would attend to it ; that he did not use the word " trustee," but said that she

was to go to Mr. Taft, who was the person to whom she was to look; that she had other conversations with J. R. Kendrick, and at the last one, about three weeks before his death, he told her that he had had his life insured for her, and that she was to go to Mr. Taft in case anything happened to him, but that she did not know of the existence of the policy or of the letter to Taft until June, 1897. There was no evidence that the claimant went to Taft or said anything to him about insurance until June 10, 1897.

At the close of the evidence the plaintiff requested the judge to rule, 1. that on the evidence the claimant cannot recover; 2. that neither the letter of ·J. R. Kendrick to Taft nor his oral· statements entitle the claimant to the fund; 3. that such letter or statements do not constitute a declaration of trust; 4. that the letter to Taft, not having been delivered, is of no effect; 5. that the claimant, not belonging to any of the classes of persons named in Article 1 of the by-laws of the insurance company, cannot recover; 6. that the letter to Taft is of no effect as being contrary to the provisions of Article 17 of the by-laws of the company; 7. that the letter to Taft and the statements of the plaintiff's testator are invalid, as contrary to the statute of wills.

The judge declined to rule as requested, and found for the claimant; and the plaintiff alleged exceptions.

*E. P. Kendrick*, (*M. Dolan* with him,) for the plaintiff.

*R. M. Morse*, (*L. Bass, Jr.* with him,) for the claimant.

MORTON, J. The evidence which was admitted against the plaintiff's objection was clearly competent. The policy was not made payable to the plaintiff's testator whose life was insured, but "to and for the sole and separate use and benefit of E. A. Taft, trustee." The intention on the part of the plaintiff's testator to create a trust of some sort was thus clearly manifested. But neither the terms of the trust nor the name of the beneficiary was disclosed in the policy. For the purpose of showing who was the beneficiary, and what the terms of the trust were, evidence of the declarations oral and written of the donor were admissible. *Barrell* v. *Joy*, 16 Mass. 221. *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159. *Catland* v. *Hoyt*, 78 Maine, 355. It is true that a voluntary trust once

clearly established cannot be modified or controlled by subsequent declarations on the part of the donor, (*Chase* v. *Perley*, 148 Mass. 289,) and the plaintiff contends that the direction in the application, that the policy be made payable to " E. A. Taft, trustee for self," shows that the insured was himself the beneficiary. But it was competent for the court to find that the letter to the general agent of the insurance company, which referred to the policy as something still *in futuro*, was sent and received before the policy was issued, and contained a later direction than the application and the one which was followed in writing the policy.

The question then remains whether there was evidence tending to show who the beneficiary was, and what were the terms of the trust, which warranted the finding in favor of the claimant. We think that there was.

The sealed letter addressed to Taft, which was found amongst the testator's papers after his death, clearly pointed out the claimant Ray as the beneficiary or *cestui que trust*, and directed the proceeds of the policy to be paid to her on his, the testator's death. Of itself it would not have been enough. But it was competent for the court to find that what was said by the testator to the claimant in the conversations between them, the last one shortly before his death, which, as she testified, were to the same effect, though the word " trust " or " trustee " was not mentioned, constituted a notice by him to the claimant of the existence of the trust in her favor. See *Gerrish* v. *New Bedford Institution for Savings*, 128 Mass. 159. The fact that the policy never was delivered to her or to Taft, and that the letter to Taft also remained in the testator's possession and its contents were unknown to the claimant and to Taft till after the testator's death, is not controlling or decisive against the claimant. *Gerrish* v. *New Bedford Institution for Savings, ubi supra.*

It is sufficient if it appears that the trust was clearly and unequivocally declared and executed by the donor in favor of the claimant, and was made known by him to her, and was assented to by her. *Welch* v. *Henshaw,* 170 Mass. 409. *Gerrish* v. *New Bedford Institution for Savings, ubi supra. Urann* v. *Coates,* 109 Mass. 581. *Brabrook* v. *Boston Five Cents Savings Bank,* 104 Mass. 228.

We think that there was evidence which warranted a finding in favor of the claimant on all of these points. See *Scrivens* v. *North Easton Savings Bank*, 166 Mass. 255; *Eastman* v. *Woronoco Savings Bank*, 136 Mass. 208; *Alger* v. *North End Savings Bank*, 146 Mass. 418.

If we assume that the donor might have revoked the trust at any time during his life, he did not do so, and a power of revocation is not inconsistent with the existence of a valid trust. *Stone* v. *Hackett*, 12 Gray, 227, 232.

The insurance company might have availed itself of any defences afforded by its by-laws in an action by the plaintiff against it on the policy, but it admitted its liability, and paid the money into court. We do not see how the plaintiff can set up against the claimant matters arising out of the by-laws of the insurance company. She does not rely upon the contract contained in the policy, but upon a trust perfected in her favor by the insured in regard to the proceeds of the policy. *Brabrook* v. *Boston Five Cents Savings Bank*, 128 Mass. 159, 233.

We discover nothing which rendered the trust invalid on grounds of public policy, or inoperative as an attempted testamentary disposition of property. It is not necessary to consider in detail the rulings that were asked for, as we think that they are disposed of by what has been said.

*Exceptions overruled.*