SUSIE H. WATERHOUSE *vs.* BARBARA WATERHOUSE.

MAY 1, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Assumpsit on Promise made to Third Party.*

Declaration alleged that, the deceased husband of plaintiff being desirous of changing the beneficiary in an insurance policy, which was payable to his mother, so that it should be payable in equal shares to his wife and mother the latter (defendant), in consideration of his forbearing to make such change, promised him that she would, on receiving said insurance, pay one-half thereof to his wife (plaintiff). On demurrer:—

*Held*, that there was a sufficient consideration for the maintenance of the action.

ASSUMPSIT.   Heard on exceptions of plaintiff, and sustained.

BLODGETT, J.   This case comes before this court on the plaintiff's exception to the decision of the Superior Court sustaining defendant's demurrer to the following declaration:

"For that on, to wit, the 21st day of February, A. D. 1906, Richard T. Waterhouse, the deceased husband of said plaintiff, was the owner of a certain policy of life insurance in, to wit, the Massachusetts Mutual Life Insurance Company for the sum of $5,000.00, which said policy by its terms at said time was payable upon his death to his mother, the defendant Barbara Waterhouse, with the right in said Richard T. Waterhouse during his life to change the beneficiary therein.

"That on, to wit, said 21st day of February, A. D. 1906, said Richard T. Waterhouse, being dangerously ill and knowing that he could live but a short time, and having a legal right to change the beneficiary therein, requested his said mother, Barbara Waterhouse, who was then in custody of said policy of insurance, to bring the same to him in order that he might change the beneficiaries therein named, so that one-half of said sum should be paid to his said wife, Susie H. Waterhouse, and one-half to his said mother, Barbara Waterhouse. And said Barbara Waterhouse, knowing of his extremely serious condition and of his desire and right to so transfer said policy, agreed with said Richard T. Waterhouse that in consideration of his forbearing to make said transfer upon said policy and taking the time, trouble, and physical labor necessary in his then condition, and in consideration of said Richard T. Waterhouse imposing in her trust and confidence that she would make the payment of one-half of the amount of said policy of insurance to said Susie H. Waterhouse, as hereinafter set forth, that she, the said defendant, would upon receiving said insurance pay to said plaintiff, Susie H. Waterhouse, from the proceeds of said insurance, one-half of the same.

"And the said Susie H. Waterhouse says that thereafterwards, on, to wit, said 21st day of February, A. D. 1906, said Richard T. Waterhouse died and thereafterwards said Barbara Waterhouse collected and received the said insurance payable upon said policy, to wit, the sum of $5,000.00, and has refused and still does refuse to pay any part of the same to said plaintiff."

Such an action by one upon a promise made by another to a third person for the plaintiff's benefit has long been known to the law. Thus in 2 Lev. 210, in 29 Car. II (1677), Mich. Term. B. R., there was decided the case of *Dutton et ux* v. *Poole,* which is in many respects similar to the case at bar, as follows: "*Assumpsit,* and declares, that the Father of the Plaintiff's Wife being seized of a Wood which he intended to sell to raise Portions for younger Children, the Defendant being his Heir, in Consideration the Father would forbear to sell it at his Request, promised the Father to pay his daughter, now the Plaintiff's Wife 1000 l., and avers, that the Father at his Request forbore, but the Defendant had not paid the 1000 l. After Verdict for the Plaintiff upon *Non Assumpsit,* it was moved in Arrest of Judgment, that the Action ought not to be brought by the Daughter, but by the Father, or if the Father be dead, by his Executors; for the Promise was made to the Father, and the Daughter is neither privy nor interested in the Consideration, nothing being due to her: Also the Father, notwithstanding this Agreement with the Son might have cut down the Wood, and then there was no Remedy for the Son, nor could the Daughter have released the Promise, and therefore she cannot have an Action against him for not performing the Promise, and divers Cases were cited for the Defendant. . . . On the other side it was said if a Man deliver Goods or Money to H. to deliver or pay to B., B. may have an Action, because he is to have the Benefit of the Bailment; so here the Daughter is to have the Benefit of the Promise. . . . And so Judgment was given for the Plaintiff, for the Son hath the Benefit by having of the Wood, and the Daughter hath lost her Portion by this Means. . . . And *Nota,* upon this Judgment Error was immediately brought; and

Trin. 31 Car. 2, it was affirmed in the Exchequer-Chamber." While considerations of natural affection and the duty of a father to provide for his children were urged in this case, yet the decision rests upon a still firmer basis, although it is proper to observe that in the case at bar the plaintiff and defendant stand in the relation of wife and mother, respectively, to the insured. In the case at bar the defendant's son suffered a detriment in forbearing to exercise a legal right and the defendant suffered a detriment in her promise to pay the plaintiff one-half of the proceeds of the policy, since this was an act which she was under no legal duty to perform. This was the price which she demanded and received of her son for his forbearance to make in his lifetime a transfer of a half interest in the policy to one who had no legal right to that specific chose in action and as to which the defendant's son, according to the averments of the declaration, was under no legal duty to the defendant not to substitute the plaintiff as such beneficiary. While, as thus stated, such detriment is the converse of the benefit arising to the plaintiff from these averments, it nevertheless constitutes a sufficient consideration for the maintenance of the action. In *Hamer* v. *Sidway*, 124 N. Y. 538, 545, the Court of Appeals of New York quoted with approval the following language of the Exchequer-Chamber, viz.: "a valuable consideration in the sense of the law may consist either in some right, interest, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. Courts will not ask whether the thing which forms the consideration does in fact (1) benefit the promisee or a third party, or is of any substantial value to anyone. It is enough that something is promised, done, forborne or suffered by the party to whom the promise is made as consideration for the promise made to him." The principle on which *Dutton* v. *Poole* was decided was affirmed by Burrough, J., in *Barford* v. *Stuckey*, 5 Moore, 31, and Lord Mansfield observes in *Martyn* v. *Hind*, Cowp. 443: "As to the case of *Dutton* versus *Poole*, 1 Vent, 318, 332, it is matter of surprise, how a doubt could have arisen in that case."

In *Rhode Island Hospital. Trust Co.* v. *Manchester,* 16 R. I. 308, 310, it was said by this court: "But it does not follow that an action of *assumpsit* will lie upon a merely equitable claim. It does not depend simply upon what a court or jury may think is fair and right. There must be some discernible limit to the action in its equitable form, and this limit appears, in general terms, to be in the nature of a trust. That is to say, when a defendant has received money or its equivalent, under circumstances amounting to a trust to pay it over to the plaintiff, privity of contract arises from the relation of the parties, and a promise is implied."

And in *Adams* v. *Union R. R. Co.,* 21 R. I. 137, this court said, in commenting upon *Wilbur* v. *Wilbur,* 17 R. I. 295, relied on by the Superior Court and the defendant: "We do not think that the court meant to lay down the rule that in no case, excepting debt, can a person avail himself of a promise to another."

The exception is sustained, and the case remitted to the Superior Court with direction to overrule the demurrer, and for further proceedings.

*J. Jerome Hahn and Patrick H. Mulholland,* for plaintiff.

*Stone & Lovejoy,* for defendant.