CHRISTENSON, et al, Appellants, v. EL RIAD TEMPLE Ancient Arabic Order Noble of Mystic Shrine of Sioux Falls, South Dakota, et al, Respondents.

(156 N. W. 581)

(File No. 3874.   Opinion filed March 4, 1916.   Rehearing denied April 11, 1916.)

1. **Insurance—Mutual Benefit Insurance—Beneficiary—"Legatee," Non-Statutory Beneficiary as—Statute.**

   Under Civ. Code, Sec. 712, providing that no mutual assessment insurance association shall issue any certificate of membership or policy to any person unless the beneficiary shall be husband, wife, relative, legal representative, heir, or legatee of the insured member, which prohibited certificate should be void, **held,** that a life insurance certificate of a mutual assessment association and fraternal order, issued to a member's fiancee, therein designated as beneficiary, although it may have been void when issued, yet, where the member afterwards bequeathed the proceeds of such policy to said fiancee as legatee and referred to her as beneficiary under the policy, he thereby complied with the statute and validated the certificate; that the word "legatee" in the statute, by necessary implication authorized the insured member to designate by will as legatee some one who may take as beneficiary under the certificate; and such fiancee as legatee, was the legal beneficiary under the certificate, and could recover thereon.   So held, as against the claims of the heirs of the member who subsequently died.

2. **Insurance—Mutual Assessment Insurance—Rights of Beneficiary Pending Death of Insured—Change of Designation of Beneficiary by Member, Rights.**

   A beneficiary under such a certificate acquires no vested right to the benefits thereof prior to the death of insured; and until his death he may change the designation of the beneficiary without restriction other than those imposed by organic law, or the rules and regulations of the association not in conflict therewith.

3. **Insurance—Mutual Benefit Insurance—Ultra Vires—Insurance Certificate, Status of, if Good Under Statute—Public Policy.**

   Where a mutual benefit association issued an insurance certificate payable to the fiancee of the member, **held,** that, although the object of the association was to aid and protect widows and orphans of its members, yet, the association having

issued the certificate and received the premiums, it could not avoid payment under the policy to the person so named as beneficiary, on the ground that the certificate was **ultra vires** as having been issued to one not authorized by the statute to become a beneficiary, where the member thereafter bequeathed to said fiancee the proceeds of the certificate, thereby making her a legal statutory beneficiary; and public policy is not involved in such case.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by William L. Christian and others, against El Riad Temple, Ancient Arabic Order Nobles of the Mystic Shrine of Sioux Falls, S. D., and Mary Madson, to recover upon a mutual benefit life insurance certificate. From a judgment for defendant Mary Madson, and from an order denying a new trial, (the principal defendant having paid the money into court) plaintiffs appeal. Affirmed.

*Edward E. Wagner,* for Appellants.

*Martin Bergh,* and *Anthony T. Grotte,* for Respondents.

(1) To point one of the opinion, Appellants cited: Civ. Code, Sec. 712; Foss v. Peterson, 20 S. D, 93; Baldwin v. Begley, (Ill.) 56 N. E. 1065; Supreme Lodge v. Menkhausen, (Ill.) 65 L. R. A. 509; Modern Woodmen v. Tuckett, (Kan.) 17 L. R. A. (N.S.) 1083; Dale v. Brumley, (Md.) 54 Atl. 655; Carson v. Vicksburg Bank (Miss.) 37 L. R. A. 559; Sargent v. Supreme Lodge, (Mass.) 33 N. E. 650; 29 Cyc. 156; Alexander v. Parker, 19 L. R. A. 187, 33 N. E. 183, 144 Ill. 335; Palmer v. Welch, 132 Ill. 141, 23 N. E. 412.

Respondents cited: Wallace vs. Madden, 48 N. E. 181, 168 Ill. 356; Martin vs. Stubbings, 126 Ill., 387; Mathewson vs. Sup. C. R. A., 110 N. W. R. 69 (Mich); Lamont vs. Hotel Men's Mutual Benefit Assoc., 30 Fed. 817; Farrenkoph v. Holm, 86 N. E. 703; Nye vs. Grand Lodge A. O. U. W., 36 N. E. 429 (9 Ind. App. 131); Delaney v. Delaney 175. Ill. 187; Appeal of Folmer, 87 Pa. 133; Well v. Trafford, 3 Tenn. Ch. 108.

(3) To point three of the opinion, Respondants cited: Maneely v. Knights of Birmingham, 115 Ala. St. 305; Tepper v. Sup. C. R. A., 47 Atl. 460 (61 N. J. E. 638); Coulson vs. Flynn, 73 N .E. 507, 181 N. Y. 62; Sheehan vs. Journeymen's Butcher, 76 Pac. 238, 142 Cal. 489. See also; Knights of Honor vs. Wat-

son et al., 15 Atl. Rep. 126, 64 N. H. 517; Taylor v. Hair, 112 Fed. Rep. 913; Johnson vs. Knights of Honor, 53 Ark. 255, 13 S. W. 794; Lamont v. Grand Lodge Iowa Legion of Honor, 31 Fed. Rep. 179; Benevolent Assoc. v. Blue, 120 Ill. Rep. 121; Hall v. Allen, 12 Atl. 4; Mulderick v. A. O. U. W., 155 Pa. St. 105; Splawn vs. Chew, 60 Texas, 532.

McCOY, J. This action was brought by plaintiffs, as the children and heirs of one James P. Christenson, deceased, against defendants, El Riad Temple of the Mystic Shrine of Sioux Falls and Mary Madson, to recover on a membership certificate of mutual insurance issued by El Riad Temple Widow's and Orphans' Fund to said James P. Christenson. The plaintiffs and defendant Mary Madson claim to be entitled to the proceeds of such certificate. The amount due under the certificate was paid into court by El Riad Temple, to be thereafter delivered and paid over to which of said parties the court should adjudge entitled thereto. The learned trial court found and adjudged in favor of defendant Mary Madson, and plaintiffs appeal.

The facts material to a disposition of this controversy are these: In the year 1909 James P. Christenson, who was unmarried, caused and procured the El Riad Temple Widows' and Orphans' Fund to issue to him the mutual life insurance certificate in question, with defendant Mary Madson, also unmarried, named and designated therein as the beneficiary. Some time prior to the issuance of said certificate Christenson had been divorced from his wife, the mother of plaintiffs. There was no relationship existing between Christenson and Mary Madson other than that of friendship, and that they were betrothed and engaged to be married at some future time. In June, 1912, Christenson made and executed a will by the terms of which he bequeathed to said Mary Madson, as legatee, the proceeds of said policy or certificate upon his life, referring to her as the beneficiary therein mentioned. James P. Christenson died in December, 1912. The El Riad Temple Widows' and Orphans' Fund is a mutual assessment insurance association, organized and existing under and by virtue of the laws of the state of South Dakota.

[1, 2] Section 712, Civil Code, among other things, provides that no association organized or operating under this statute shall issue any certificate of membership or policy to any person un-

less the beneficiary shall be husband, wife, relative, legal representative, heir, or legatee of such insured member, and any certificate issued in violation of this section shall be void. These provisions of this statute law were as much a part of said certificate as if written therein, and no stipulation could legally be incorporated in or made a part of said certificate in conflict with the provisions of such statute. The vital question then is whether or not Mary Madson could legally be the beneficiary under said certificate as legatee of the insured member of the association. A legacy is a testamentary disposition of personal property, and a legatee is a person to whom the bequest is made. By the use of the word "legatee" in this statute, the insured member, by necessary implication, is authorized to designate by will a person who may take as beneficiary under such insurance certificates. If the insured were compelled to select such legatee from among the other classes of persons named in this statute, as being competent beneficiaries, then the word "legatee" therein used would be useless and meaningless. Notwithstanding the original designation of Mary Madson as beneficiary may have been void, yet, when the insured thereafter by will designated her as a legatee and referred therein to her as the beneficiary, he then complied with the statute and gave validity to the certificate, with Mary Madson as the legal beneficiary. A beneficiary under such a certificate acquires no vested rights to the benefits thereof prior to the death of the insured, and until such death occurs the insured, who pays the premiums and assessments, may exercise and control the appointment and designation of the beneficiary without restriction other than such as may be imposed by organic law, or the rules and regulations of the association not in conflict with such organic law. Lamont v. Legion of Honor (C. C.) 31 Fed. 177; Nye v. A. O. U. W., 9 Ind. App. 131, 36 N. E. 429; Masonic Mut. Ben. Soc. v. Burkhart, 110 Ind. 189, 10 N. E. 79, 11 N. E. 449. We, therefore, hold that Mary Madison, as legatee, was the legal beneficiary under the certificate in question.

[3] We are not unmindful of the fact that the constitution of El Riad Temple Widow's and Orphans' Fund has for its object the aid and protection of the widows and orphans of El Riad Temple, but we are of the view that, even if the issuance of the certificate to James P. Christenson was ultra vires and outside the

scope of the object of the organization of El Riad Temple Widows' and Orphans' Fund, the certificate was not void by reason of this fact so long as the certificate was not in contravention of any statute law making it void; that El Riad Temple, having issued the certificate and received the premiums, could not avoid payment under the policy to the person named as beneficiary, although such person be outside the class of persons sought to be protected by the Widows' and Orphans' Fund, where the statute under which such mutual association existed, permitted such person to be named as a beneficiary. There is no sort of public policy involved in this proposition.

The judgment and order appealed from are affirmed.