Arnold J. Meury insured his life in a number of companies in favor of his wife and infant children. In 1929 he made the Montclair Trust Company, trustee, the beneficiary of all the policies and deposited them with the trust company under an agreement that the trustee should pay the income of the proceeds, payable at his death, to his wife for life, remainder to his children. The right to add to or withdraw policies and to revoke the trust was reserved. He withdrew two policies aggregating $25,000 and on November 3d 1930, pledged them with the complainant as security for a $5,000 loan. Upon his death in 1931 the proceeds of the policies were paid to the complainant who, after deducting his debt, paid the money into court under this interpleader bill and was discharged. The parties interpleading are the Montclair Trust Company, trustee, and the insured's administratrix, with the will annexed (the widow). The estate is insolvent and creditors were permitted to intervene.
The administratrix and the creditors attack the trust on two grounds: That the gift in trust was incomplete in that, because of the reserved right to withdraw policies and to revoke the trust there was no absolute parting with the subject-matter; and that the trust is testamentary. Whatever merit there may be to the points, were the res in trust the property of the trustor, they are beside the question where, as here, the res is the proceeds of insurance on the life of the trustor which never were his property. The proceeds are the fulfillment of promises by the insurance company to the Montclair Trust Company, trustee, to pay the stipulated sums, upon the death of the insured. The insured paid the consideration for the promises and he had the right, under the terms of the policies, to change the promises at will, but *Page 64 
when the day came — the insured's death — the obligations of the insurance company were due to the Montclair Trust Company, trustee. Its source of title was the promise in the policies, not the trust agreement. The trust agreement is no more than a declaration of trust by the trustee that it would hold the proceeds of the policies for the benefit of the insured's wife and children, and whether it had physical possession of the policies or whether there was a stripping of interest by the "donor," or that the trust deed was testamentary, is wholly immaterial.
Although the views entertained dispose of the claims of the parties, the administratrix and the creditors made further argument, and it will be answered.
The contention that upon the withdrawal of the policies and pledging them as collateral to the complainant's loan, they ceased to be trust property and reverted to the insured and upon his death passed to his estate, is without substance. The change of beneficiary and assignment clauses in the policies are substantially like those in Anderson v. Broad Street NationalBank, 90 N.J. Eq. 78. The assured assigned the policies to the complainant as collateral security. He did not change the beneficiary. The policies were of the endowment type, and had they matured in the lifetime of the insured the endowment would have been payable to the assured and they were in this respect assignable by him; he also could borrow upon them from the insurance company, and they had a cash surrender value — all reserved to him. The assignment transferred the interest of the assured, not the beneficiary's right that accrued upon the death of the insured; that remained unimpaired. Lanning v. Parker,84 N.J. Eq. 429. Upon the authority of that case the complainant's right to deduct his loan from the proceeds of the policies was open to question, but that is not now an issue.
The assignment form contains a parenthetic provision that upon the execution of the assignment by the insured, it should effect a change of beneficiary to the insured's executors, administrators or assigns, but there is also a provision in the *Page 65 
body of the document, that when the policy is released by the assignee, it shall automatically be payable to the last beneficiary of record on the file of the company at the time of the release. If the assignment operated as a change of beneficiary to the insured's estate, it was immediately defeated, for, contemporaneous with the execution of the assignment the insured changed the beneficiary to the Montclair Trust Company, trustee, by formal notice filed with the insurance company. The administratrix takes nothing by these happenings.
When the last change of beneficiary was made to the Montclair Trust Company, trustee, the trust company was also trustee under the will of the insured. The trust in the will is practically of the tenor as the trust in the agreement. It is urged that the last change of beneficiary should be held to be to the trust company as trustee under the will. That would do violence to the obvious intention of the insured. The trust under the agreement is confined to insurance policies exclusively, that under the will relates to the insured's general estate. The assignments of the policies to the complainant and the immediate change to beneficiary back to the Montclair Trust Company, trustee, plainly was to overcome the automatic change of beneficiary to the insured's estate, effected by the execution of the assignments, and it is clear beyond peradventure that the intention was to restore the status quo ante.
There is proof that the insured was insolvent when the trust was created. The creditors are entitled to the sum of the premiums paid during the period of insolvency as disclosed by the testimony, not exceeding six years prior to the filing of the claim for that relief. Lanning v. Parker, supra. After allowance of that sum to the administratrix, the balance will be ordered paid to the Montclair Trust Company, trustee. *Page 66