ESTATE OF WILLARD T. CARLETON, BOSTON SAFE DEPOSIT AND TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82787. Promulgated January 14, 1938.

*Charles M. Rogerson, Esq.,* for the petitioner.
*Eugene G. Smith, Esq.,* for the respondent.

OPINION.

BLACK: The following provisions of the Revenue Act of 1926, as amended, are applicable to this proceeding:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death. * * *

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

The Treasury Department, in construing paragraph (g) above quoted, has promulgated article 26 of Regulations 80 (1934), which reads as follows:

ART. 26. *Insurance in favor of the estate.*—The provision requiring the inclusion in the gross estate of all insurance receivable by the executor, without any exemption, applies to policies made payable to the decedent's estate or his executor or administrator, and all insurance which is in fact receivable by, or for the benefit of, the estate. It includes insurance taken out to provide funds to meet the estate tax, and any other taxes or charges which are enforceable against the estate. The manner in which the policy is drawn is immaterial so long as there is an obligation, legally binding upon the beneficiary, to use the proceeds in payment of such taxes or charges. * * *

It should be kept in mind at the outset that decedent reserved such rights and control over the policies of insurance which were payable to the trustee as to make the proceeds of such policies includable as a

part of decedent's gross estate under section 302 (g), above quoted. What these reservations were is not shown in the record and that is unimportant because the parties are in agreement that the proceeds are includable under section 302 (g). The only controversy is whether the entire amount of the policies should be included without the application of the $40,000 exemption, as respondent contends, or whether the insurance policies payable to the trustee were payable to "other beneficiaries" within the meaning of paragraph (g) of section 302 of the Revenue Act of 1926 and decedent's estate is entitled to the benefit of the full $40,000 exemption which the statute allows, as petitioner contends.

It is petitioner's position that under the laws of Massachusetts the proceeds of these policies were payable to a trustee for individuals and were not for the benefit of the estate or for the exoneration of its assets, and therefore are not includable under the first sentence of paragraph (g) of section 302, but are includable under the second sentence where the $40,000 exemption applies. It is plain that the policies were not by their terms payable to decedent's executor. The policies were payable to the "Boston Safe Deposit and Trust Company, Trustee." If a beneficiary had been named in the trust, other than decedent's estate, there seems to be no doubt but that petitioner's contention would be correct. For example, if the policies had been made payable to "Boston Safe Deposit and Trust Company, Trustee, for the benefit of my wife, Loretta N. Carleton", it is plain that their inclusion as a part of decedent's estate would be under the last sentence of section 302 (g) and the full $40,000 exemption would apply.

An examination of decedent's will shows that the Boston Safe Deposit & Trust Co. was named both as executor and trustee under the will. This situation seems to be substantially the same as we had before us in *Marmaduke B. Morton, Administrator*, 23 B .T. A. 236. In that case the Bartlett Trust Co. was named as both executor and trustee under the will of John S. Logan, Jr. The policies of insurance involved were payable to the Bartlett Trust Co. as trustee under the will. The Commissioner included the full amount of the proceeds of the policies as a part of decedent's gross estate and the administrator claimed that the $40,000 exemption should apply because the policies were payable to "other beneficiaries" than the estate. We denied the administrator's contention and held that the full amount of the proceeds of the policies should be included.

In our opinion, among other things, we said:

It is reasonable to assume that Congress enacted the corresponding section of the Revenue Act of 1924 for the same purpose that it enacted section 402 of the Revenue Act of 1918. It therefore seems clear to us that Congress, in enacting section 302 of the Revenue Act of 1924, intended that there should

be included in the gross estate of a decedent the full amount of his life insurance which after his death is subject to the payment of charges against his estate and the expenses of its administration, and which is subject to distribution as part of his estate, and that it was not the intention of Congress, in enacting subdivision (g) of that section to exempt from taxation life insurance meeting such tests, although in terms payable to some one other than the executor. To otherwise interpret section 302 of the Revenue Act of 1924 would be to allow every testator the power of determining whether his life insurance, amounting to less than $40,000, shall be subject to the estate tax even though it is in fact, subject to charges against the estate, subject to expenses of administration of the estate, and subject to distribution as part of the estate.

Petitioner contends that the instant case is distinguishable from the *Morton* case because in that case under the laws of Missouri the money in the hands of the trustee from the insurance policies could be turned over to the executor to pay the debts of decedent, whereas in the instant case that could not be done under the laws of Massachusetts. We are not convinced that there is any such distinction when the facts of the two cases are laid side by side. If we could adopt petitioner's premise that the fact that the policies in the instant case were payable to the Boston Safe Deposit & Trust Co., trustee, created an express trust in favor of his wife Loretta, when coupled with the provision of his will making her the beneficiary of the trust created to have charge of his residuary estate, then we would be ready to accept petitioner's conclusion as to the result. Doubtless the situation would have been the same in the *Morton* case if we had accepted the premise now urged by petitioner. But we did not accept it. The rationale of that opinion is that no express trust was created in behalf of petitioner's wife, Caroline Logan, because the policies were made payable to Bartlett Trust Co., trustee, under the will and the will designated her as one of the beneficiaries of the trust created by the will. The effect of our opinion in that case was to hold that no express trust was created by decedent's making the policies of insurance payable to Bartlett Trust Co., trustee, under the will and that, because no express trust was thereby created, there was a resulting trust in favor of the estate and the estate was therefore the beneficiary of the policies and the $40,000 exemption did not apply. We think we must hold likewise in the instant case.

Petitioner contends that a contrary result should be reached because of the fact that, when petitioner made the insurance policies in question payable to the "Boston Safe Deposit and Trust Company, Trustee," he plainly evidenced an intent to establish an express trust of the policies of insurance and that under the laws of the State of Massachusetts the beneficiary of an express trust may be identified by extrinsic evidence, and cites in support of this contention, *Kendrick* v. *Ray*, 173 Mass. 305; 53 N. E. 823. Petitioner also cites *Union Trust Co. of Pittsburgh* v. *McCaughn*, 24 Fed. (2d) 459, as holding

that the recitals in a decedent's will may be looked to as furnishing the name of the beneficiary in the express trust which decedent intended to create.

Undoubtedly both cases cited by petitioner support the legal proposition advanced by it, but we do not think they apply to the facts in the instant case. In *Kendrick* v. *Ray* the policies of insurance were payable to "E. A. Taft, Trustee." To determine the beneficiary of the express trust the court considered a letter found among the effects of the deceased requesting Taft to pay any money collected by him as trustee on insurance policies to claimant Ray. It appeared that Taft did not know of the policies or of the letter during the lifetime of the deceased. The plaintiff was the administrator of the insured, who claimed the proceeds by way of the resulting trust. The court held that the claimant Ray was entitled to the money, the letter being sufficient extrinsic evidence to set up an express trust in his favor. In *Union Trust Co. of Pittsburgh* v. *McCaughn, supra,* there was an insurance policy which the decedent took out on his own life, payable to "Anna L. Park, wife of Richard C. Park, in trust." In his will Richard C. Park disposed of one-half of the proceeds of the policy to Anna by the following language: "To my dear wife, Anna L. Park, I bequeath one-half (½) the proceeds of the insurance on my life in the Equitable Life Insurance Society of the United States *absolutely.*" (Emphasis supplied.) The court held that the will declared the trust upon which Anna was to hold one-half the insurance as beneficiary thereof and that this one-half was therefore not a part of decedent's estate. The other one-half, having no express trust, was held upon a resulting trust in favor of donor's estate and it was therefore includable as a part of decedent's estate.

There is an essential difference between the provisions in the decedent's will in the instant case and those which were present in the *Union Trust Co.* case, *supra.* In the instant case the provisions of decedent's will did not bequeath his wife, Loretta, by specific bequest any part of the insurance policies which he had taken out on his own life and made payable to the trustee, as Park did to his wife in the *Union Trust Co.* case. What decedent did in the instant case was to specifically bequeath his wife, Loretta, all his clothing, jewelry, household furniture, and other personal effects and then made her the life beneficiary of a trust, the corpus of which was to be composed of his residuary estate.

A part of this residuary estate, to be sure, was the insurance policies in question, which belonged to the estate because of the resulting trust which existed in favor of the estate by reason of decedent's failure to create an express trust in the insurance policies. If decedent in his will had specifically bequeathed to the Boston

Safe Deposit & Trust Co. the insurance policies in question in trust to hold, manage, invest, and reinvest, for the benefit of his wife, Loretta, we would have much the same situation as was present in the *Union Trust Co.* case, *supra*, and *Kendrick* v. *Ray*, *supra*, and the designation of Loretta as the beneficiary of the insurance policies trust would have related back and would have made of the trust an express trust.

As to the insurance proceeds of such a trust, section 125 of chapter 175 of the General Laws of Massachusetts would apply and such proceeds would not have been a part of decedent's estate subject to the payment of claims of creditors and subject to distribution as a part of decedent's estate.

As has already been pointed out, decedent did not specifically bequeath the insurance policies or any part thereof to his wife, Loretta, nor to any trust in her favor, and there is therefore no evidence before us to identify her as the intended beneficiary of the trust created in these policies by decedent in his lifetime. There is therefore no express trust in respect to these policies of insurance and under the authorities there was a resulting trust in favor of decedent's estate. The situation we think is substantially the same as we had before us in *Marmaduke B. Morton, Administrator*, *supra*, and on the strength of that decision we hold in favor of the respondent on the only issue presented to us to decide.

*Decision will be entered for respondent.*