Prior to June 15, 1933, Albert Anderson of Sioux Falls, South Dakota, was the owner of five different policies of life insurance on his life totaling an amount of $17,000. On June 15, 1933, Albert Anderson and the Security National Bank Trust Company of Sioux Falls entered *Page 394 
into an agreement designated an insurance trust agreement, wherein it was agreed that Albert Anderson would designate the Security National Bank Trust Company as beneficiary in the policies of life insurance, and the Security National Bank 
Trust Company agreed to receive and disburse the proceeds of the policies upon the death of the insured in accordance with the terms and conditions set out in the agreement. Albert Anderson executed requests for changes of beneficiaries in the policies which were forwarded to the different insurance companies, whereupon the named beneficiary was changed in accordance with the trust agreement. Following the execution of this agreement, the Security National Bank Trust Company was succeeded by the Northwest Security National Bank of Sioux Falls and a new agreement was entered into between Albert Anderson and the Northwest Security National Bank on the 17th day of April, 1937. In accordance with the terms of this new agreement, wherein the Northwest Security National Bank was to act as trustee, the beneficiary named in the different policies was again changed so as to correspond with the new agreement. Under each of said policies of insurance and under each of the agreements entered into by and between Albert Anderson and the named trustee, the insured, Albert Anderson, reserved the right to change the beneficiary without the consent of the beneficiary named in the policy; to borrow money on the security of the policy; to assign the policy; to receive all the dividends paid under the policies during his lifetime; to change the policy from a participating policy to a non-participating policy; to surrender the policy and collect the cash surrender value thereof.
Albert Anderson died in January, 1938, and thereafter there was paid to the Northwest Security National Bank, as trustee, the amounts of the various policies of life insurance represented by the policies on the life of Albert Anderson. The bank proceeded to carry out the terms of the 1937 trust agreement and, in the course of its administration thereof, filed in the circuit court of Minnehaha County a report of its acts thereunder and a petition requesting authority to pay the federal estate tax in the estate of Albert Anderson, *Page 395 
deceased, which authority it claimed under the provisions of the 1937 agreement. Thereafter, Natalie Anderson, the surviving wife of Albert Anderson, deceased, and the executrix named in the will of Albert Anderson, Harold L. Anderson and Dorothy E. Anderson, son and daughter of Albert Anderson, deceased, filed objections to the report and the petition as filed by the trustee. These objections came on for hearing before the circuit court, and the circuit court entered its order approving the report and allowing the petition. The objectors have appealed from this order.
We have considered, and have had in mind when making the foregoing statement of facts, appellants' assignments of error Nos. 1, 2, and 3. These assignments, we are convinced, are without merit.
Appellants' principal contention and the troublesome contention in this case is that the trust arrangement constituted a testamentary disposition of property by Albert Anderson, without complying with the formality required for such disposition, that is, that the trust agreement was not executed, published and witnessed as wills are required to be executed, published, and witnessed under the laws of this state. Contentions similar to that which appellants here make have been before the courts in many jurisdictions. There is a practical unanimity of judicial opinion adverse to appellants' contention. See Lashley v. Lashley, 212 Ala. 255, 102 So. 229; Shaw v. Johnson, 15 Cal.App.2d 599;59 P.2d 876; Sigal v. Hartford National Bank Trust Co., 119 Conn. 570, 177 A. 742; Gurnett v. Mutual Life Insurance Co., 356 Ill. 612, 191 N.E. 250; Kendrick v. Ray, 173 Mass. 305, 53 N.E. 823, 73 Am. St. Rep. 289; In re Soper's Estate, 196 Minn. 60,264 N.W. 427; Tootle-Lacy National Bank v. Rollier,341 Mo. 1029, 111 S.W.2d 12; In re Estate of Reynold, 131 Neb. 557, 268 N.W. 480; West Jersey Trust Co. v. Read, 109 N.J. Eq. 475,158 A. 113; Bose v. Meury, 112 N.J. Eq. 62, 163 A. 276; Fidelity Title Trust Co. v. Graham, 262 Pa. 273, 105 A. 295; Fidelity Trust Co. v. Union National Bank, 313 Pa. 467, 489, 169 A. 209, certiorari denied, 291 U.S. 680, 54 S.Ct. 530, 78 L.Ed. 1068; Carter v. Carter, 321 Pa. 391, 184 A. 78; Waterhouse v. Waterhouse, 29 R.I. 485, *Page 396 72 A. 642, 22 L.R.A., N.S., 639; Legrande v. Legrande,178 S.C. 230, 182 S.E. 432, 102 A.L.R. 582.
The Restatement of the Law on Trusts in its comment on Section 57, Page 178, states the rule as follows: "If a person takes out a policy of insurance upon his life payable to a third person as trustee, the intended trust is not testamentary although the insured person reserves power to change the beneficiary of the policy and power to revoke or modify the trust. In such a case a present trust is created, the beneficiary of the policy holding his rights as beneficiary in trust. This is true whether the beneficiary of the policy is designated in the policy as trustee, or whether the policy is payable to him without mention of any trust but he agrees with the insured to hold the policy or its proceeds in trust for a designated person. The result is the same where the policy is payable to the insured person or his estate and is transferred by him to another person as trustee. The disposition is not invalid although the trustee has no active duties to perform until after the death of the insured."
The recent work of Professor Scott on the Law of Trusts, Page 345, goes somewhat more into detail in stating the rule, as follows: "Where a person takes out a policy of insurance upon his life payable to a third person as trustee, and reserves the power to change the beneficiary of the policy, and perhaps in addition the power to change the beneficiaries of the trust, the question arises whether the disposition is testamentary and invalid for failure to comply with the requirements of the Statute of Wills. It is arguable that the trust does not arise until his death, and that since his death is a condition precedent to the creation of the trust, the disposition is testamentary. The answer is, however, that the beneficiary of the policy as soon as he is named trustee holds his rights as beneficiary of the policy in trust. The mere fact that those rights can be terminated at any time by the insured, and that the rights of the beneficiaries of the trust are enjoyable only after the death of the insured, and that the trustee has no active duties until the death of the insured, does not prevent a trust from arising immediately. *Page 397 
It is not a disposition subject to the condition precedent of the death of the insured, but is a trust which is subject to revocation or modification during the life of the insured. It is true that until the death of the insured it is a pretty thin trust, and it would not be difficult to hold that the disposition is testamentary. The difficulty in upholding the trust, however, seems to be no greater than in upholding the rights of the beneficiary of an insurance policy where no trust is involved but where the insured reserves power to change the beneficiary. A policy of life insurance where the insured has reserved the right to change the beneficiary is in a sense testamentary in character, but the courts have never had any difficulty in permitting the beneficiary to recover the proceeds on the death of the insured if he had not in fact revoked the policy. It would seem that the fact that the policy is payable to a beneficiary as trustee for others makes it no more testamentary than if it were payable to the beneficiary absolutely. Moreover, the fact that the insured may have reserved power not only to change the beneficiary of the policy but also to change the beneficiaries of the trust or otherwise to modify the terms of the trust, would seem to make the disposition no more testamentary. The danger of fraud which lurks in ordinary unattested testamentary dispositions is not serious in these cases. The courts have therefore had no difficulty in upholding insurance trusts, although they are not executed with the formalities necessary for a will."
Apart from the authorities, appellants base their contention upon the ground that the trust agreement constituted an attempt to transfer property, which transfer was not to become effective until after the death of Albert Anderson. Appellants argue that no trust inter vivos was created by Albert Anderson, because under the rule announced in the case of Christenson v. El Riad Temple, 37 S.D. 68, 156 N.W. 581, the beneficiary named in a policy of insurance, wherein the right to change the beneficiary is retained by the insured, acquires no vested interest in the policy of insurance, but under this decision the insured retains the beneficial ownership of the policy during his life, and it *Page 398 
follows that no present trust could be created, but only a trust to become effective upon the death of the insured. Appellants further contend that the judicial opinion adverse to their contention is based upon the premise that the beneficiary in a policy of life insurance does acquire an immediate interest in the policy, and that the insured retains only a naked right to change the beneficiary. This view of the rights of the beneficiary named in a policy of life insurance appellants refer to as the New Jersey rule. Whether this court in the Christenson v. El Riad Temple case adopted a view of the rights of a beneficiary in an insurance policy contrary to the so-called New Jersey rule, we do not believe is material in this present case. It should be mentioned, however, that this case involved a benefit certificate, and the rule as to vested rights of the beneficiary was never extended to such certificate. Vance on Insurance, Second Edition, 586-588. We are concerned here with a trust res which never was the property of the insured and which came into existence only after his death. We are not here concerned with the policy of insurance as such or the rights of the beneficiary in such policy. We are concerned only with the funds which the insurance companies paid to the bank, the title to which funds never was in Anderson. The transaction that here appears, is that Albert Anderson named the bank as beneficiary in the policy, and in consideration for this designation the bank declared the trust in the proceeds of the policy to which it acquired title upon the death of Albert Anderson. See Scott on Trusts, Section 86. The view that we take is well stated by the New Jersey court in the case of Bose v. Meury, supra. It, perhaps, should be noted that the New Jersey court in this case made no reference and did not to any extent support its decision upon the rule adopted by that court relative to the rights of the beneficiary in the policy of insurance. The court said [112 N.J. Eq. 62, 163 A. 277]: "The administratrix, and the creditors attack the trust on two grounds: That the gift in trust was incomplete in that, because of the reserved right to withdraw policies and to revoke the trust, there was no absolute parting with the subject-matter; and that *Page 399 
the trust is testamentary. Whatever merit there may be to the points, were the res in trust the property of the truster, they are beside the question where, as here, the res is the proceeds of insurance on the life of the truster which never were his property. The proceeds are the fulfillment of promises by the insurance company to the Montclair Trust Company, trustee, to pay the stipulated sums, upon the death of the insured. The insured paid the consideration for the promises and he had the right, under the terms of the policies, to change the promises at will, but when the day came — the insured's death — the obligations of the insurance company were due to the Montclair Trust Company, trustee. Its source of title was the promise in the policies, not the trust agreement. The trust agreement is no more than a declaration of trust by the trustee that it would hold the proceeds of the policies for the benefit of the insured's wife and children, and whether it had physical possession of the policies or whether there was a stripping of interest by the `donor,' or that the trust deed was testamentary, is wholly immaterial."
This view, we believe, disposes of this case. The assignments of error go simply to the validity of the declaration of trust as declared in the agreement. There is no broad contention here made that the simple naming of a beneficiary in a policy of life insurance wherein the insured reserves the right to change the beneficiary constitutes a testamentary disposition of property. But appellants' arguments in support of their contention that the trust agreement is invalid would equally, we believe, support the view that the naming of a beneficiary in a life insurance policy, wherein the right to change the beneficiary is reserved, would in itself constitute a testamentary disposition of property. Quite obviously such view could not be sustained. Cf., 18 Minn. Law Rev. 391.
The order appealed from is affirmed.
SMITH, P.J., and POLLEY and ROBERTS, JJ., concur.
WARREN, J., not sitting. *Page 400