ELLEN SPAULDING, Respondent, *v.* MARQUIS L. KEYES et al.,, Appellants.

While it is competent for a creditor alleging fraud in a transfer of prop-
erty made by the debtor, to prove cotemporaneous fraudulent trans-
actions, with a view of raising an inference that the transfer in question
was made for a similar purpose and with similar intent, such inference is
not a legal one and so, conclusive, but is simply a presumption of fact,
capable of being overthrown by evidence of good faith.

A debtor who has made a fraudulent transfer of property, is not debarred
thereby from making an honest transfer, to pay or secure an honest
debt.

A husband honestly indebted to his wife may give to her a chattel mortgage
to secure the debt, although he is at the time of executing it unable to
pay all his debts in full; and when it is found that the mortgage was
given with an honest intent, and not for the purpose of hindering, delay-
ing or defrauding creditors, it is valid.

A chattel mortgage is not invalidated by the fact that the mortgagor
remains in possession of the mortgaged property, in pursuance of an
express agreement in the mortgage that he may retain possession and
sell, he agreeing to account and pay over to the mortgagee the proceeds
of all such sales; and the mere fact that the mortgagor failed in some
respect to perform this agreement, will not, as matter of law, authorize
a court to find that the parties had an intention contrary to that expressed
in the mortgage.

*It seems* that declarations of the mortgagor, made after the execution of a
mortgage, as to the intent with which it and other transfers of property
were made and as to his pecuniary condition, are inadmissible as evi-
dence against the mortgagee, in an action wherein the mortgage is assailed
as fraudulent.

(Argued December 3, 1890; decided December 16, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made April 30, 1889, which affirmed a judgment in favor of
plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*James A. Lynes* for appellants. The verdict was contrary
to the evidence, and should be set aside for that reason.
(*Barrett* v. *T. & A. R. R. Co.,* 45 N. Y. 628, 632.)   The

evidence on the part of the plaintiff showed that the mortgage was fraudulent and void. (*Brackett* v. *Harvey*, 91 N. Y. 214, 223, 224; *Southard* v. *Benner*, 72 id. 424; *City Bank* v. *Westbury*, 16 Hun, 458; *Potts* v. *Hart*, 99 N. Y. 168.) There was not sufficient evidence of the plaintiff's claim or that her husband was indebted to her. (Laws of 1849, chap. 375.)

*Burr Matice* for respondent. The town bonds or bounty being exempt from execution, the soldier might transfer them directly to his wife, and such transfer could in no wise affect the rights of creditors. (*Whitting* v. *Barrett*, 7 Lans. 106; *Youmans* v. *Boomhower*, 3 T. & C. 21; *Similie* v. *Quinn*, 92 N. Y. 492, 498; *Phillips* v. *Wooster*, 36 id. 412; *Rawson* v. *P. R. R. Co.*, 48 id. 216; *Whiton* v. *Snyder*, 88 id. 299; *Armitage* v. *Mead*, 96 id. 538, 542.) The loan by plaintiff to her husband of the $1,000 bounty money was a good and sufficient consideration for the chattel mortgage in question. (*Savage* v. *O'Niel*, 44 N. Y. 298; *Woodworth* v. *Sweet*, 51 id. 8; *Whiton* v. *Snyder*, 88 id. 299.) The chattel mortgage was not void as to creditors of the mortgagor. (*Conkling* v. *Shelly*, 28 N. Y. 360; *Brackett* v. *Harvey*, 91 id. 214; *Ellsworth* v. *Phelps*, 30 Hun, 646; *Bank* v. *Koch*, 12 N. E. Rep. 9; *Sperry* v. *Baldwin*, 11 N. Y. S. R. 609; *Walker* v. *Henry*, 85 N. Y. 130, 133; *Frost* v. *Warren*, 42 id. 204; *Hale* v. *Stewart*, 7 Hun, 591; *Sterns* v. *Gage*, 79 N. Y. 102; *Starin* v. *Kelly*, 88 id. 418; 2 R. S. chap. 7, tit. 3; *S. C. P. Co.* v. *Wing*, 85 N. Y. 42; *Billings* v. *Sawyer*, 3 East. Rep. 850–854; *Colman* v. *Barr*, 93 N. Y. 17, 31; Baylies on N. T. & App. 343.) It was not error for the court to grant the motion of plaintiff's counsel and strike out any testimony given by any witness called, who testified to anything they claim that William Spaulding said after the 16th of January, 1885. (*Walker* v. *Henry*, 85 N. Y. 130.) A mortgagee of chattels may maintain an action of trover against a sheriff who, with notice of the mortgage, and after a demand of the property by the mortgagee, proceeds to sell it on an execution against the mortgagor. (*Farrel* v. *Wildreth*, 38 Barb. 178; *Matterson* v.

*Baucus,* 1 N. Y. 295; *Howland* v. *Willett,* 3 Sandf. 607; Jones on Chat. Mort. § 431; Thomas on Mort. § 443; *Hall* v. *Sampson,* 35 N. Y. 274; *Allen* v. *Vance,* 34 Hun, 57.) No exception was taken by the defendant to any portion of the judge's charge or to his ruling on any of the various requests to charge, and so no question in regard thereto can be raised upon appeal. (Code Civ. Pro. § 995; Baylies on N. T. & App. 183, 184.)

RUGER, Ch. J. This action was brought to recover damages for the conversion of personal property. The plaintiff claimed title to the property through a chattel mortgage given to her by her husband, and the defense was that the mortgage was given with intent to hinder, delay and defraud the creditors of the mortgagor, and was, therefore, void as against such creditors.

The defendants justified the taking under an execution upon a judgment against the mortgagor. The verdict of the jury was for the plaintiff, and all disputed questions of fact were thereby determined in her favor. The General Term affirmed the judgment of the trial court, and that being the last tribunal entitled to review questions of fact, passed upon by a jury, this court is precluded from considering any questions, except those of law arising upon uncontroverted evidence.

There being no material exception to the admission or exclusion of evidence, or to the charge of the court, the only question for review here is, therefore, whether the uncontroverted evidence established that the mortgage was given for the purpose of hindering, delaying or defrauding creditors. The verdict of the jury determined beyond the possibility of controversy in this court, the evidence being conflicting, that the mortgage was given to secure a debt which the mortgagor honestly owed to the mortgagee; and this leaves, as the only question remaining for discussion, whether the evidence in the case established the existence of a fraudulent intent, as matter of law, notwithstanding the mortgage was given for a good and valuable consideration.

It is attempted to support the claim of a fraudulent intent from the fact that the mortgagor remained in possession of the

mortgaged property after the execution of the mortgage, and continued to sell the property as he did previous thereto; and the further fact that certain transfers of property to other parties made by the mortgagor about the time of the making of the mortgage in question were made with intent to defraud the mortgagor's creditors. It may be said of these contemporaneous transfers that there is no evidence in the case which establishes, as matter of law, that they were fraudulent, and much of the evidence as to their fraudulent character admitted on the trial, was objected to by the defendant, and was clearly inadmissible; the trial court subsequently struck out some of this evidence, but still left in the case much that had been erroneously permitted to be given. The declarations of the mortgagor, after the execution of the mortgage, as to the intent with which these several transfers of property were respectively made and as to his pecuniary condition, were clearly inadmissible as against the mortgagee in this case, and these declarations constituted a material part of the evidence against the plaintiff. But assuming even that the several contemporaneous transfers were proved to have been fraudulent as to creditors, it does not follow, as matter of law, that the mortgage in question was fraudulent. They might all have been fraudulent, and yet left the mortgagor still capable of transferring his remaining property to his creditors, or others, as he chose, provided such transfers were honestly made. The fact that other transfers of property had been made by a debtor apparently with the same general intent as part of a scheme to dispose of property with intent to defraud creditors, does not conclusively show that other conveyances made about the same time were infected with the same dishonest intent.

It is competent for a creditor to prove the fact of contemporaneous fraudulent transactions with a view of raising an inference of fact that other transactions made at or about the same time, and which are the subject of litigation, were made for a similar purpose and intent; but this is not a legal inference, and it simply raises a presumption of fact, which is capable of being repelled or overthrown by evidence of good

faith.    The fact that the mortgagor was honestly indebted to his wife and was unable to pay all of his debts in full, afforded a sufficient justification to him for giving this mortgage, provided he was honest in his desire to secure the payment of that debt, and had no dishonest motive to promote.

Suppose in this case the mortgagor had given this mortgage to his wife and subsequently conveyed the remainder of his property with a clear intent to defraud his creditors, could it have been claimed, as matter of law, that his subsequent dishonest intent should be imputed to the former transaction?    We think not.    Is it not just as clear that after making a fraudulent transfer it is still possible for the debtor to make an honest transfer, and one which shall be determined by the facts which legitimately affect it?    We think that he may do so.

With reference to the fact that the mortgagor was suffered to remain in possession of the mortgaged property and dispose of it in the regular course of business, it is sufficient to say that this was done under an express agreement, contained in the mortgage, that he should remain in possession of the property, and in case he made sales thereof that he should account and pay over to the mortgagee the entire proceeds of such sales.    The mere fact that the mortgagor failed in some respect to perform this agreement, does not, as matter of law, authorize a court to find that the parties had an intention contrary to that expressed in the written agreement, and not only that, but contrary to the intent which, upon all of the evidence in the case, the jury have ascribed to the parties.

We are of the opinion, upon the whole case, that the questions therein were for the jury, and whatever view we might have taken of the weight of evidence, if that question had come to us as an original question, we have no authority to review the questions determined by the tribunal appointed to try questions of fact.

The judgment should be affirmed.

All concur.

Judgment affirmed.