## NILES v. WHITE et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1914.)

1. SHIPPING (§ 33*)—VESSELS—UNRECORDED TRANSFERS.

    An unrecorded transfer of a vessel from husband to wife is good as between the parties.

    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 109–119; Dec. Dig. § 33.*]

2. FRAUDULENT CONVEYANCES (§ 104*)—HUSBAND AND WIFE—VESSELS.

    A husband conveyed certain vessels to his wife in August, 1911, after which she hired the employés, managed and controlled them, and received the earnings and profits of their operation. These bills of sale were unrecorded, but on March 11th following new conveyances were made to her, which were recorded prior to judgment recovered against the husband. *Held*, that such new conveyances gave her a valid title, which would relate to the prior equitable appropriation of the vessels under the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unrecorded bills of sale, and rebut the inference that the recorded conveyances were executed to hinder and defraud the husband's creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 337–344; Dec. Dig. § 104.*]

3. FRAUDULENT CONVEYANCES (§ 104*)—HUSBAND TO WIFE.

While a transfer of property directly from husband to wife will be subjected to suspicion and strict scrutiny, yet, if the facts support the bona fides of the transaction, they cannot be rejected because the creditor secured is the wife.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 337–344; Dec. Dig. § 104.*]

Appeal from Special Term, Nassau County.

Action by Charles O. Niles against Frank D. White and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Clinton M. Flint, of Freeport, for appellant.

Francis G. Hooley, of Rockville Centre, for respondents.

PER CURIAM. [1] The execution of the August bills of sale, supported by the testimony of the vendor and of the notary public who drew the instruments and took the acknowledgments, having been found as facts by the court, who saw the witnesses, will not be reversed on this record. Such unrecorded conveyances of vessels are good as between the parties. Moore v. Simonds, 100 U. S. 145, 25 L. Ed. 590.

[2, 3] From the testimony, the court was justified in finding that since August 9, 1911, Mrs. White had hired the employés of the vessels, and had managed and controlled them, and had received the earnings and profits of such management and operation. Such is the usual proof available with vessels of this kind to show possession, and warranted the trial justice in refusing to find that there had been no change of possession, as plaintiff had requested. Had Mrs. White remained in the situation of holding only unrecorded bills of sale, an execution and levy might have fastened on the vessels a lien that would have been superior. But her conveyances of March 11th, recorded prior to the judgment, gave her a valid title that could relate back to the prior equitable appropriation of the vessels by the unrecorded bills of sale, and so rebut the inference that the recorded conveyances were executed to hinder and defraud the plaintiff. So long as our public policy recognizes the separate estate and power of the wife to deal directly with the husband, such dealings between them will be subjected to suspicion and strict scrutiny, but when the facts in proof do support the bona fides of the transactions, they cannot be rejected merely because the secured creditor turns out to be the wife. Spaulding v. Keyes, 125 N. Y. 113, 26 N. E. 15; Phillips v. Wooster, 36 N. Y. 412; Schreyer v. Scott, 134 U. S. 405, 410, 10 Sup. Ct. 579, 33 L. Ed. 955.

The judgment appealed from is therefore affirmed, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes