Only two inquiries are here involved: 1. Whether the agreement of January 14th, 1924, is valid and enforceable according to its terms. 2. Whether it embraces all creditor banks in Camden county.
1. I find no doubt touching the validity of this agreement or the right of the several designated banks to enjoy its enforcement in accordance with its terms. The wife and two daughters of the insured were the beneficiaries in the insurance policies at the time the agreement was executed. These policies empowered the insured to change the benficiaries at his pleasure without their consent. In that situation the three beneficiaries named in the policies agreed in writing with the insured that at his death the insurance money to be received by them would be by them distributed to the creditors of the insured in the manner specified in the agreement, and that any surplus would be paid by them to the executor of the insured as assets of his estate. The engagement of the three beneficiaries named in the policies is clear, specific and cannot be misunderstood. It is upon their part a complete and perfect declaration that the moneys which may come *Page 477 
to their hands by reason of their being named in the policies as beneficiaries will be held by them for the use of the creditor banks named. No more specific declaration of trust could be declared by them. They now seek to repudiate it. The trust agreement was executed by them and given to the possession of the insured whose purposes it sought to execute. It was found in his safe deposit box at his death, executed in duplicate. It does not appear that it ever left his possession, or that the wife or daughters ever sought its cancellation. The notion that a beneficiary named in an insurance policy enjoys a vested right which can only be divested in the manner named in the policy in no way meets the situation. One may execute a voluntary trust of property owned absolutely. The claim that the trust agreement was not delivered is contrary to the evidence. The declaration of trust was delivered by the persons declaring it to the person whose purposes it was designed to execute and was in his possession at his death; there was nothing more to deliver. Delivery of the agreement or notice of its existence to the several cestuis qui trust was unnecessary. Janes, Adm'r, v.Falk, 50 N.J. Eq. 468, and Collins v. Steuart, 58 N.J. Eq. 392; affirmed sub nom. Collins v. Lewis, 60 N.J. Eq. 488, are conclusive as to that. No consideration was necessary if the trust was fully declared; the single inquiry is: was a trust declared? Of that there can be no doubt. It has been suggested that the trust agreement was executed conditionally. The testimony of Mr. Van Name is to the exact contrary.
2. The only doubt which I entertain is touching the intent of the parties in the use of the language "discounted at any bank or trust company in the city and county of Camden and State of New Jersey." There is no "city and county of Camden." There is a city of Camden in the county of Camden. Is that the meaning intended by the parties? Was the word "and" intended to signify "in" and to thus restrict the territory to the city, or was it used as a co-ordinate conjunction to embrace the city and county? I think the general purpose of the parties to provide for unsecured commercial paper of the insured discounted in banks, and the nature *Page 478 
and scope of the operations of the insured and his associates as disclosed by the commercial paper outstanding at his death and by the testimony as to the character of the business conducted, strongly militate against the notion of any consideration of an invisible city line and impel the conclusion that the latter significance must have been intended.
I will advise a pro rata distribution among the several claimants.