Complainants as executors of the last will and testament of Louisa H. Colton, deceased, pray instruction as to disposition *Page 35 
to be made by them of moneys deposited in two New York banking institutions hereinafter mentioned, and the passbooks relating thereto. A decree pro confesso has been entered against defendants Robert S. Holt, Constance B. Holt, Philetus H. Holt, Ida Holt Riley, Marmaduke B. Holt, Philetus H. Holt, 2d, and Ann C. Church. Defendants Henry E. Holt and Maria Hasbrouck claim said moneys as trust estates created for them by the testatrix. The proofs show that on September 5th, 1929, the testatrix opened an account in the Bank for Savings of the City of New York, in the name "Mrs. Louisa H. Colton, in trust for Brother, Henry E. Holt," and deposited therein $8,387.21; that at the time of her death the balance in said account was $7,728.23; that on March 25th, 1930, the testatrix opened an account in the same bank in the name "Louisa H. Colton, in trust for Maria Hasbrouck," and deposited therein $5,000; that at the time of her death the balance in said account was $5,569.83; that on April 22d 1930, the testatrix opened an account in the same bank in the name "Mrs. Louisa H. Colton," and deposited therein $4,000; that at the time of her death the balance in said account was $4,330.82; that on October 3d 1930, the testatrix opened an account in the United States Savings Bank of the City of New York in the name "Henry E. Holt, Louisa H. Colton, Trustee," and deposited therein $3,040.31; that at the time of her death the balance in said account was $3,263.62. The testatrix died March 25th, 1932. Her domicile was in the city of Summit, New Jersey, but she resided at the time of her death and for a considerable period of time prior thereto with her daughter in New York City. Her last will and testament was duly admitted to probate by the surrogate of the county of Union on April 6th, 1932. The reasons stated by the testatrix to witnesses who testified herein for opening two separate trust accounts for the defendant Henry E. Holt, and two separate trust accounts for the defendant Maria Hasbrouck, were that she had been advised that she could not under the New York banking law deposit sums exceeding $7,500 to the credit of any one individual in a savings account. That the right of claimants to *Page 36 
the moneys and passbooks in question is governed by and must be determined according to the laws of New York is indicated by the opinion of Vice-Chancellor Stevens in Fiocchi v. Smith (not officially reported) 97 Atl. Rep. 283, and rules of law therein stated. The facts established by the proofs in the case subjudice are more pertinent to the rule of law relating to the creation of trusts of personal property than the facts stated in the Fiocchi-Smith Case, supra, which has not been reversed, criticised or distinguished in any reported case since its pronouncement. Because the case sub judice is governed by and must be determined according to the law of New York as manifested by In re Totten, 179 N.Y. 112, the cases of Nicklas v.Parker, 69 N.J. Eq. 743; affirmed, 71 N.J. Eq. 777, andJefferson Trust Co. v. Hoboken Trust Co., 107 N.J. Eq. 310,
are distinguishable from and therefore inapplicable to the instant case. It is a well established principle of law that the creation of a trust of moneys in bank must be manifested by declaration, and that such declaration effectually passes the equitable title of the trust fund to the cestui. In Fiocchi
v. Smith, supra, Vice-Chancellor Stevens, in commenting upon the case of Nicklas v. Parker, supra, in which it was held that a savings bank deposit made by one as trustee for another, did not, of itself, create a trust valid as against the intestate's administrator, emphasized that the New York court of appeals in In re Totten, supra, held the contrary, and he quoted Mr. Justice Vann as follows: "A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary, without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." Such rule of law, upon the proofs herein, must be regarded as the law of the case *Page 37 sub judice. The law of New York, as applicable to the trusts created by the testatrix by the aforesaid deposits, was testified to by two eminent members of the New York bar, one of whom sworn as a witness for the complainants, and the other sworn as a witness for the defendants, and both testified that the rule of law declared by the New York court of appeals in In re Totten,supra, was still the law in New York, and that such rule has been many times restated by the courts of that state in cases decided subsequent to In re Totten. The proofs herein clearly evince that the testatrix deposited the several sums of money in the several accounts aforesaid in trust for the defendants Henry E. Holt and Maria Hasbrouck, respectively, who are now claimants therefor, and that when she made such deposits she, by unequivocal acts and declarations, clearly manifested that she thereby intended to create trusts for said defendants. The proofs show that immediately prior to the opening of the accounts in question she declared to said defendants, to her daughter, Ann C. Church, and to her brother, Philetus H. Holt, her purpose and intention to thereby create trusts for said defendants, and that immediately after she opened said accounts she made known to said persons that she intended thereby that said defendants should becestuis que trustents of moneys deposited by her in such accounts. The testimony of the testatrix's daughter, Ann Colton Church, is cogent that her mother created for said defendants the trusts claimed by them herein, and her testimony is particularly significant and convincing when it is considered that she is the sole beneficiary under her mother's will, and therefore, if said defendants should fail to establish their claims as cestuis of the trusts aforesaid, she would be enriched pro tanto by their failure in such respect. The testimony of Mrs. Church discloses reasons made known to her by her mother, in addition to reasons hereinabove stated, which incited her mother to effect the several trust accounts aforesaid for said defendants, and none of such reasons warrant any inference or deduction by the court that her mother had in mind by her creation of the aforesaid trusts to circumvent the statute of wills. The *Page 38 
signature cards and passbooks relating to the deposits aforesaid are within the presumption stated in In re Totten, supra, and coupled with the unequivocal acts and declarations of the testatrix, manifesting her purpose and intention to create the trusts in question for said defendants are dispositive of the case sub judice in their favor. While the account "Mrs. Louisa H. Colton" is dissimilar to the three other accounts mentioned in that the word "trustee" and the words "in trust for" as employed therein are not used in connection with said account, nevertheless, the proofs herein clearly and convincingly manifest that said account is within the same category as the other three accounts, and therefore I regard the four accounts as of the same class. It is well established that a parol declaration of trust of personal property is valid and enforceable. Kimball v.Morton, 5 N.J. Eq. 26; Hooper v. Holmes, 11 N.J. Eq. 122;Sayre v. Fredericks, 16 N.J. Eq. 205; Eaton v. Cook, 25 N.J. Eq. 55; Danser v. Warwick, 33 N.J. Eq. 133; Pitney v. Bolton,45 N.J. Eq. 639; affirmed, 46 N.J. Eq. 610; Capron v. Luchars,110 N.J. Eq. 338, 346; affirmed, 112 N.J. Eq. 373; 2 Story Eq.Jur. § 972; 28 Am. Eng. Encycl. L. 2d 870; 1 PerryTrusts §§ 86, 88, and cases cited; 3 Pom. Eq. Jur. § 998, note; 1 Lew. Trusts 136. And that such is the established law in New York has been adequately proved herein by the members of the New York bar hereinabove mentioned. Vice-Chancellor Leaming, in West Jersey Trust Co. v. Read, 109 N.J. Eq. 475, held that if the owner of property, intending to make disposition thereof for the benefit of another, unequivocally declares himself a trustee thereof for the other person, the latter thereby becomes vested with the equitable estate, even though the cestui is not informed of the declaration. The same rule of law was declared by the court of errors and appeals in Janes v. Falk, 50 N.J. Eq. 468.
The fact, as indicated by the proofs herein, that the testatrix retained possession of the passbooks, is immaterial in the instant case. Whether a deposit in a savings bank, contended to be in trust for the benefit of another, is to be so held, is a question of fact, and parol evidence is admissible to establish *Page 39 
such trust. Buteau v. Lavalle (Mass.), 187 N.E. Rep. 628;Kelley v. Snow, 185 Mass. 288, 289; Beuerlien v. O'Leary,149 N.Y. 33; 43 N.E. Rep. 417; Spaulding v. Keyes, 125 N.Y. 113;26 N.E. Rep. 15. The proofs herein show that the testatrix in making known to the defendant Henry E. Holt that she had created trust funds for him by means of bank deposits aforesaid handed to him the two books evidencing the deposits by means of which such trusts were created, which, after inspection, he returned to her, expressing to her at the same time his thanks therefor. The proofs show also that when the testatrix handed the aforesaid bank deposit books to said defendant she unintentionally handed to him therewith the passbook relating to an account she had opened in the Bank for Savings of the City of New York in the name "Louisa H. Colton, in trust for Maria Hasbrouck," and when he called her attention thereto she stated to him that she had created trust accounts aggregating approximately $10,000 for him, and a like amount for Maria Hasbrouck. Mrs. Church testified that her mother stated to her that her purpose and intention was to create aggregate trust funds of approximately $10,000 for the defendant Henry E. Holt, and likewise for the defendant Maria Hasbrouck, by means of the bank deposits aforesaid. In BathSavings Institution v. Hathorn, 88 Me. 122; 33 Atl. Rep. 836;32 L.R.A. 377, it was held that the words "in trust for" in the entry of a savings bank deposit, with the same form used on the depositor's book, is sufficient to create a prima facie trust which will be a completed trust or gift in favor of the donee as against the estate of the creator of the trust, where all his declarations, acts and conduct are consistent with the presumption arising from the entry itself. In the same case it was held: "A voluntary trust is an equitable gift, and, like a legal gift inter vivos, must be complete. A declaration of trust as effectually passes the equitable title of the fund to the cestui as a gift inter vivos passes the legal title to the donee. The distinction between them is of a technical nature. In a trust, the real title vests in the donee (cestui) but the legal title, perhaps, carrying control of the property, may be placed *Page 40 
elsewhere; while in a gift both the real and legal title instantly fall to the donee. It is not necessary, therefore, that he who declares a trust should divest himself of the legal title, if, perchance, he so does it as to transfer the real or equitable title to the cestui * * *." In Petition of Atkinson,16 R.I. 413; 16 Atl. Rep. 712; 3 L.R.A. 393, it was held that a deposit of money in a bank in the name of another person with depositor's name as trustee following it, and a statement by him to the other that he had made the deposit, which would belong to the other at his death, constitutes a deposit in trust, which will be valid, although the depositor retained the deposit books until death. The court pointed out that in cases in which courts held otherwise they did not sufficiently distinguish between a gift, which requires a delivery of the thing given, actual or symbolical, and the creation of a voluntary trust, which requires for its conservation, not a delivery of the subject of the trust to the beneficiary, but a retention of it by the trustee for his benefit, and of course, where the donor makes himself the trustee, a retention of it by the donor, as trustee for his benefit. In Collins v. Steuart, 58 N.J. Eq. 392, 394,
Vice-Chancellor Stevens, in referring to Janes v. Falk,supra, declared: "It was said in that case that it is not essential that the memorandum relied upon should have beendelivered to any one as a declaration of trust or that thecestui que trust should have been informed of the trust. It has often been held in other cases that it is not necessary that the word `trust' should be used by the declarant." In In re Farrell,110 N.J. Eq. 260, 263, the prerogative court held: "If a trust was in fact declared, neither delivery of the subject-matter, nor of the trust agreement, nor notice to the cestui was requisite for its validity." And in 2 Pom. Eq. Jur. § 997, the author indicates the creator of the trust may retain the title and declare himself a trustee for another and thus clothe the other with the beneficial estate. Obviously this court cannot undertake to assume directly or by indirection any appellate jurisdiction of the New York courts, and consequently the decision of the New York court of appeals in In re Totten, supra, must be recognized by this *Page 41 
court, upon the proofs herein, as the law of the case subjudice. The statute of frauds does not apply herein. Said statute, which requires declarations of trust to be in writing, does not extend to trusts of personalty. Kimball v. Morton,supra; Hooper v. Holmes, supra; Sayre v. Fredericks, supra;Capron v. Luchars, supra; 3 Pom. Eq. Jur. § 998, note; 2Story Eq. Jur. § 972. Our courts have frequently upheld such trusts as are in question herein as against attacks that they were testamentary in character. Green v. Tulane, 52 N.J. Eq. 169; Sibley v. Somers, 62 N.J. Eq. 595; East RutherfordBuilding and Loan Association v. McKenzie, 87 N.J. Eq. 375,380, 381; Johnson v. Savings Investment and Trust Co., 107 N.J. Eq. 547,549. In East Rutherford Building and Loan Association
v. McKenzie, supra, the court of errors and appeals affirmed a decree of this court advised by Vice-Chancellor Howell wherein he said (at pp. 380, 381): "It is the ordinary case of the present vesting of an interest to be enjoyed at some time in the future." Such I find to be the fact in the case sub judice with respect to the bank deposits in question.
I will advise a decree instructing complainants that the defendant Henry E. Holt is entitled to the moneys deposited in the Bank for Savings of the City of New York in the account designated "Mrs. Louisa H. Colton, in trust for Brother, Henry E. Holt," and to the moneys deposited in the United States Savings Bank of the City of New York in the account designated "Henry E. Holt, Louisa H. Colton, Trustee," together with the passbooks evidencing such accounts; also that the defendant Maria Hasbrouck is entitled to the moneys deposited in the Bank for Savings of the City of New York in the account designated "Louisa H. Colton, in trust for Maria Hasbrouck" and to the moneys deposited in the same bank in the account designated "Mrs. Louisa H. Colton," together with the passbooks evidencing such accounts. *Page 42