Complainant, the daughter of defendant, brings this suit to compel defendant to transfer to her a deposit in the Paterson National Bank. In 1912 complainant was one year old. Her father opened the account in the bank under the name *Page 349 
"Thomas J. Jackson, trustee for Muriel Jackson." From time to time over a period of many years, additional deposits were made almost entirely from the small cash savings of defendant. The only withdrawal from the account was on one occasion when the sum of $50 was used to purchase a liberty bond in the name of complainant and later when this was sold, the proceeds were put back in the account. The remainder of the account was made up from small gifts received from time to time from complainant as birthday and Christmas presents.
According to the testimony of the mother of complainant who is the wife of the defendant, at the time the deposit was opened defendant stated to her that he intended opening an account for his daughter so that when she is ready to start out in life she will have something to start with. Defendant denies making this statement. The bank book was never delivered to complainant by defendant although it later came into her possession without the consent of defendant, having been turned over to her by her mother.
Where there is an unequivocal declaration of trust by the owner of property for the benefit of another, the trust becomes irrevocable even if the beneficiary is not notified of the declaration and the trustee remains in possession of the property. James v. Falk, 50 N.J. Eq. 468. To the same effect is the recent case of Bankers Trust Co. v. Bank of Rockville,114 N.J. Eq. 391 (at p. 407), where the court says: "If a trust was in fact declared, neither delivery of the subject-matter, nor of the trust agreement, nor notice to thecestui, was requisite for its validity. West Jersey Trust Co.
v. Read, 109 N.J. Eq. 475; In re Farrell, 110 N.J. Eq. 260,263."
In my opinion the proofs establish the creation of an irrevocable trust in favor of complainant. While an indication of a trust by the form of deposit as being that of defendant as trustee for complainant is not alone sufficient, the testimony of Mrs. Jackson is sufficient to meet the requirements as to the declaration as required by the cases cited. Corroboration that such was the intention of the defendant is found in the circumstances that nothing has taken place since the creation of the trust tending to show a contrary intention on *Page 350 
the part of the trustee. The only withdrawal since the creation of the trust was for the purchase of a liberty bond for the benefit of complainant and upon sale of the bond the price was replaced in the bank account. In addition, the deposit of birthday gifts to complainant in this account and the deposit of a share of complainant in her sister's estate also point in the same direction, namely, that the trust fund was intended to be hers. Under such circumstances the denial by defendant of the declaration testified to by Mrs. Jackson is not convincing.
A decree will be advised, as prayed for in the bill. *Page 351