In 1926, the defendant Joseph Fiducia subscribed to five installment shares of the complainant building and loan association, to be issued in the name of "Joseph Fiducia, trustee for Natalie Fiducia." Natalie was his five-year-old daughter. The shares were issued accordingly and Joseph, or his wife, made the initial payment of $10.25 and periodic payments thereafter until maturity. The pass book and stock certificate have always been in the possession of the parents, or one of them. The association voluntarily dissolved in 1942 when the shares had a book value of $1,026. The liquidating trustees of the association have paid into court dividends of 80 per cent., or $821. Conflicting claims to the fund are made by Joseph and by Natalie.
We start with some elementary rules. A declaration of trust, or other action by the owner of property sufficient to create a trust, is effectual, although no consideration passes to the settlor. West Jersey Trust Co. v. Read, 109 N.J. Eq. 475.
While the declaration of trust, oral or written, must set forth the purposes of the trust, a declaration by A that he holds certain property in trust for B, or as trustee for B, is a complete and specific declaration of an inactive or passive trust. Supreme Lodge v. Rutzler, 87 N.J. Eq. 342. The beneficiary need not be informed of the trust, and there need be no delivery of the declaration, or memorandum to anyone. Janes
v. Falk, 50 N.J. Eq. 468; Colina v. Lewis, 60 N.J. Eq. 488.
In order that a gift be effectual, there must be, first, an intention on the part of the donor to make a gift, and, second, he must carry his intention into effect, for the court will not enforce an unexecuted intention or promise to give, since consideration is absent. Where the gift includes the legal as well as equitable interest of the donor, the execution of the gift, the transfer of title, occurs upon actual delivery of the subject-matter of the gift, so far as the nature of the property permits, and upon the donor's stripping himself of control and dominion. Lester v. Guenther, 132 N.J. Eq. 496; 134 N.J. Eq. 53.
Where the donor retains the legal title and gives away only the equitable interest, a trust is *Page 9 
created, active or passive, with the donor as trustee and the donee as beneficiary. Here the essential elements are the same, namely, a donative intention and execution by transfer of the equitable title. But the incidents of execution are not the same as when the gift includes the legal title. Passage of equitable title is not dependent on delivery. Bankers Trust Co. v. Bankof Rockville, 114 N.J. Eq. 391 (at p. 407); 38 C.J.S. 785.
Properly the trustee retains possession and control of the trust fund against everyone save the cestui que trust and if it be an active trust, against him too. If it be a passive, or dry trust, the trustee must surrender to the beneficiary possession and legal title, not upon creation of the trust, but upon demand of the cestui. Long Branch Banking Co. v. Winter, 112 N.J. Eq. 218.
Granted an intention to create a trust at the present moment, the trust comes into existence and beneficial title passes upon the mere manifestation of the donor's will. "I hold this bond in trust for A." The manifestation may be by conduct, or by words, and no particular form of words is necessary.Restatement — Trusts, § 23. The issue of trust or no trust turns almost invariably on proof of intention, since the trust arises upon mere expression of the requisite intention.
When a person procures a bank account, or shares of stock, or other property to be put in his name "as trustee for A," his so-doing is such a manifestation of his intention as is sufficient to create the trust, provided such was his intention. And his so-doing is also some proof of his intention. But often a savings account is opened in this form, although there is no intent to create a trust. Because of the frequency of this situation, our courts have ruled that the style of the account is not, of itself, sufficient proof of intention to create a trust.Nicklas v. Parker, 71 N.J. Eq. 777; In re Farrell, 110 N.J. Eq. 260; Hudson Trust Co. v. Holt, 115 N.J. Eq. 34; Hickey v.Kahl, 129 N.J. Eq. 233. Other circumstances are looked to. For example: What did the depositor say? Did he use the fund, after opening the account, as if the money were his own? Was the alleged beneficiary sui juris or not? Since a trust in the form under consideration is a passive one, and the beneficiary has an immediate right to possession, why was not an outright gift made? *Page 10 
Both Joseph and his wife testified. While they contradicted each other about whose money went to pay for the shares, they agreed on the essential facts. First, they decided to "take out shares for Natalie." Since she was only five years old, they discussed whether Joseph or his wife should be trustee for the child, and concluded to have the shares issued in his name as the trustee. The plan was carried into effect. Ten years later, Joseph and his wife quarreled, separated, and eventually were divorced. Natalie sided with her mother. Thereupon, Joseph, who had always intended the stock for his daughter, changed his mind and determined to claim the fund for himself. Until then, he had never attempted to withdraw the shares or asserted any beneficial interest in them.
The proof of a valid trust is ample. Mucha v. Jackson,119 N.J. Eq. 348. The fund in court belongs to Natalie. *Page 11