WARREN H. WOLF, by his next friend, GERTRUDE WOLF, complainant-respondent,

*v.*

HARRY A. WOLF, individually and as executor of the last will and testament of Barbara Wolf, defendant-appellant.

[Argued February 8th, 1945. Decided April 19, 1945.]

*Mr. Abraham Warren* (*Mr. Andrew O. Wittreich,* of counsel), for the appellant.

*Mr. Cyrus W. Lunn* (*Mr. Victor S. Kilkenny,* of counsel), for the respondent.

The opinion of the court was delivered by

PERSKIE, J.

The basic question for decision on the facts of this case is whether the opening by Barbara Wolf of a savings account in the name of "Barbara M. Wolf in trust for Warren H. Wolf," created a valid trust fund in favor of Warren H. Wolf.

The facts which gave rise to the posed question are free from substantial dispute.

On October 15th, 1931, Barbara Wolf opened a savings account with a deposit of $3,900 in the name of "Barbara M.

Wolf in trust for Warren H. Wolf" in The Trust Company of New Jersey, Union City Branch. Warren H. Wolf, grandson of Barbara Wolf, was then about four years of age. No additional deposits were made in this account. There were five withdrawals therefrom totaling $217.84. Save perhaps as to one withdrawal which coincides with the time the grandmother bought a bicycle for Warren, there is no explanation for what purposes the other four withdrawals were made. The balance in this account, less withdrawals therefrom, plus accrued interest was, as of January 1st, 1944, the sum of $4,663.41.

Barbara Wolf died on September 5th, 1941, leaving a last will and testament by the terms of which she devised and bequeathed her entire estate, valued at about $60,000, equally to her two sons, Charles H., father of the infant complainant, and Harry A. Wolf, defendant. Decedent named both sons as executors. Her will makes no provision for her only grandchild, nor does it mention the aforestated savings account nor the passbook. Defendant admits that he obtained possession of the passbook for the savings account, that he refused to surrender same although he was often requested to do so, and that he refused to recognize the asserted claim of the infant complainant as the beneficiary of the trust account. Suit was commenced to established the alleged trust.

Upon hearing the proofs, the learned Vice-Chancellor advised a decree sustaining complainant's contention that a valid enforceable trust existed. Defendant was accordingly directed to deliver the passbook to the trustee. Hence this appeal.

We agree with the result reached on the sole ground that the record presents facts and circumstances which "unequivocally" and "clearly" show that the decedent, by her actions and declarations, intended to create a trust in favor of her grandchild. Cf. Nicklas v. Parker, 69 N. J. Eq. 743, 747; 61 Atl. Rep. 267; affirmed, 71 N. J. Eq. 777; 71 Atl. Rep. 1135; Janes v. Falk, 50 N. J. Eq. 468, 471; 26 Atl. Rep. 138; Mucha v. Jackson, 119 N. J. Eq. 348; 182 Atl. Rep. 827. There is evidence, for example, that "on several occasions" decedent told witnesses that she had "set up," "erected,"

"established" and "arranged" a trust fund for the minor for his college education. Such, and similar proofs, all uncontradicted, show that the decedent by her "written" or by her "spoken" words or by her "conduct" (*Restatement of the Law, Trusts,* § 24) gave "outward manifestation" of her intention to create a trust. *1 Scott on Trusts* (1939), § 23; *Restatement, Trusts,* § 23. *Cf. Eagles Building and Loan Association* v. *Fiducia, 135 N. J. Eq. 7; 37 Atl. Rep. (2d) 116.* It was, therefore, proper to enforce that trust.

We find it unnecessary, in light of the proofs evidencing the surrounding facts and circumstances, to express any opinion as to whether a valid trust would be decreed in a case where there is nothing before the court other than the mere deposit of money in a bank by A in trust for B. Accordingly, we are not to be understood as expressing or intimating any opinion on the contrary views as to the construction of *R. S. 17:9–4* in such a situation, set forth on the one hand in *Hickey* v. *Kuhl, 129 N. J. Eq. 233, 239, 240; 19 Atl. Rep. (2d) 33,* and on the other hand in *Thatcher* v. *Trenton Trust Co., 119 N. J. Eq. 408; 182 Atl. Rep. 912,* and *Travers* v. *Reid, 119 N. J. Eq. 416; 182 Atl. Rep. 908.*

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 13.

*For reversal*—None.